IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SALDANA,

    Petitioner,            No. CIV S-08-1928 EFB P

  vs.

FRANCISCO JAQUES, Warden, et al.,

    Respondents.           ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. The court previously granted petitioner leave to proceed *in forma pauperis.*

    Currently under consideration is petitioner's first amended petition in which he challenges a January 20, 2006, conviction of carjacking, *see* Cal. Penal Code § 215, rendered by a judge of the Sacramento County Superior Court. The court has reviewed the petition pursuant to Rule 4 of the Federal Rules Governing § 2254 Cases. For the reasons explained below, the court finds that petitioner failed to exhaust the available state remedies with respect to any of his claims. Therefore, he must demonstrate good cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

    A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It appears from the face of the application that the petitioner is not entitled to relief because he has failed to exhaust the available state remedies.

The exhaustion requirement is a judicially crafted requirement, which Congress has codified. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

////

In the amended petition, petitioner alleges the following grounds for relief: (1) the prosecution failed to disclose material, exculpatory evidence in the form of former testimony of prosecution witnesses; (2) a prosecution witness lied under oath in two other trials; and (3) the conviction rests on unreliable eyewitness identification evidence. Petitioner admits that he did not present these claims to the appellate court. He filed a petition for review in the California Supreme Court, but does not assert that he presented the grounds he alleges in his federal petition. Furthermore, petitioner admits that he did not seek post-conviction review from any state court. Therefore, the court finds that petitioner failed to exhaust the available state remedies with respect to any of the claims in the federal petition. In order to proceed, petitioner must show cause for this failure or obtain from the respondent an express waiver of the exhaustion requirement.

Accordingly, it is ORDERED that:

1. Petitioner has 30 days from the date this order is served to show cause for his failure to exhaust or to obtain from the respondent an express waiver of the exhaustion requirement. Failure to comply with this order will result in this action being dismissed without prejudice.

2. The Clerk of the Court shall serve a copy of the December 12, 2008, amended petition, plus any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California. The Clerk of the Court also shall serve on the Senior Assistant Attorney General the consent form used in this court.

Dated: April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE