IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL SALDANA,

      Petitioner,                       No. CIV S-08-1928 EFB P

    vs.

FRANCISCO JAQUES, et al.,

      Respondents.                  ORDER

_____/

      Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently under consideration is petitioner's response to the court's April 28, 2009, order to show cause why this action should not be dismissed without prejudice for petitioner's failure to exhaust the available state remedies. For the reasons explained, the court finds that it is not clear whether petitioner exhausted; and, therefore, dismissal is not appropriate at this stage. The petition must be served. *See* Rule 4, Rules Governing Section 2254 Cases.

      In the order to show cause, the court outlined the law governing the exhaustion requirement. In particular, the court explained that a federal habeas petitioner must have presented to the state's highest court the same claims he asserts as grounds for federal habeas relief. The court compared the claims in the federal petition to those petitioner said he raised in state court proceedings and noted that petitioner admitted that he did not seek state post-

conviction relief. Thus, the court found that petitioner did not satisfy the exhaustion requirement. In his response to the order to show cause, petitioner asserts that the claims he raises in his federal habeas are copied from briefs he filed in the state court. It is not clear whether petitioner means he copied claims from both the appellate brief and the petition for review in the California Supreme Court. In short, it is not clear that petitioner failed to exhaust the available state remedies. Accordingly, dismissal at this stage of the proceedings is not appropriate.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is not apparent from the face of the application that the petitioner is not entitled to relief.

Accordingly, it is hereby ORDERED that:

1. The April 28, 2009, order to show cause is discharged.

2. Respondent shall file and serve either an answer or a motion in response to petitioner's application within 60 days from the date of this order. *See* Rule 4, Fed. R. Governing § 2254 Cases. Any response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application. *See* Rules 4, 5, Fed. R. Governing § 2254 Cases.

3. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

4. If the response to petitioner's application is a motion, petitioner's opposition or statement of non-opposition shall be filed and served within 30 days of service of the motion, and respondents' reply, if any, shall be filed within 15 days thereafter.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's December 12, 2008, first amended petition for a writ of habeas corpus with any and

1 | all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of
2 | California. The Clerk of the Court also shall serve on the Senior Assistant Attorney General the
3 | consent form used in this court.

4 | Dated: June 29, 2009.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE